UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

    Matthew D. Betters,                          Bankruptcy Case No. 18-21000-PRW
                                                               Chapter 13

                Debtor.

_____

**DECISION AND ORDER
DENYING MOTION TO VACATE ORDER OF DISMISSAL,
DENYING REQUEST FOR *NUNC PRO TUNC* CONVERSION, AND
DENYING *EX PARTE* REQUEST FOR STAY**

PAUL R. WARREN, U.S.B.J.

It is said that you can't make a silk purse out of a sow's ear. The motion before the Court proves the old adage true. The motion before the Court is so flawed, procedurally and substantively, that it deserves only short shrift. The motion is in all respects **DENIED**.

**I.**

**JURISDICTION**

The Court has subject matter jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (b)(2)(G). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

## II.

## HISTORY OF THE CASE

Matthew Betters filed a voluntary petition for relief under Chapter 13 on September 27, 2018. (ECF No. 1). The Clerk of the Court issued a deficiency notice the next day to Mr. Betters' attorney, because many of the required statements, schedules, and Chapter 13 plan were not filed. (ECF No. 6). Under Rules 1007(c) and 3015(b) FRBP, the missing statements, schedules, and Chapter 13 plan were required to be filed within 14 days of the petition—that date was October 11, 2018. Mr. Betters' counsel did not request an extension of time or otherwise respond to the deficiency notice within the 14-day deadline. On October 12, 2018, the Chapter 13 Trustee filed a motion to dismiss this case because Mr. Betters had not filed the statements, schedules, and Chapter 13 plan within the time required by the Bankruptcy Rules. (ECF No. 17). The Trustee's motion was scheduled to be heard on November 1, 2018. Given concerns publicly expressed by the Trustee and Mr. Betters' former spouse about this case, the Court promptly issued a Case Management Order under Rule 9006(c)(1) FRBP, shortening the time for a hearing on the Trustee's motion to dismiss to October 18, 2018 at 9:00 a.m. (*See* ECF Nos. 11, 16, 18).

That flurry of activity seems to have nudged Mr. Betters' counsel from his autumnal sleep. On October 17 at 7:43 in the evening, counsel filed a single sheet of paper purporting to be a "motion" to convert the case from Chapter 13 to Chapter 11. (ECF No. 23). Counsel also filed amended statements and schedules. (ECF Nos. 24, 25). The next day, at 9:26 a.m., counsel served, by regular mail, the "motion" on the United States Trustee and the Chapter 13 Trustee only. (ECF No. 26).

The Court convened the hearing on the Trustee's motion to dismiss on October 18, 2018 at 9:00 a.m., in keeping with the Case Management Order. (ECF No. 27). The United States

2

Trustee and Chapter 13 Trustee appeared in support of the motion to dismiss. Counsel to Mr. Betters failed to appear and failed to file opposition to the motion to dismiss. In the interest of fairness, the Court treated counsel's late-night filings as opposition. After making findings of fact and conclusions of law on the record, the Court granted the Trustee's motion and dismissed the case. (ECF Nos. 27, 28, 29).

The next day, Mr. Betters filed a motion requesting that (1) the Order of dismissal be vacated, (2) the case be converted *nunc pro tunc* to a Chapter 11, and (3) the Order of dismissal be stayed until the November 1, 2018 hearing on the motion. (ECF No. 30). No request was made by counsel for an expedited hearing on the stay request.[1]

### III.

### DISCUSSION

A.  **Movant Fails to Demonstrate Grounds to Vacate the Dismissal Order.**

Mr. Betters points to both Rule 59(e) and Rule 60(b)(1) FRCP, made applicable by Rules 9023 and 9024 FRBP, as the basis upon which the motion to vacate the dismissal Order is founded. Mr. Betters has failed to convince the Court that relief should be granted under either Rule 59(e) or Rule 60(b)(1).

---

[1]  On October 29, 2018, a law partner of Mr. Betters' counsel filed a Supplemental Affidavit in support of the motion to vacate dismissal. (ECF No. 44). The Affidavit appears to be an apology to the Court, as well as a character reference for Mr. Betters' counsel. It adds nothing—neither facts nor law—to aid the Court in its consideration of Mr. Betters' motion.

3

### 1. **Rule 59(e) FRCP**

The motion was filed less than 14 days after entry of the Order dismissing this case, making relief under Rule 59(e) FRCP available. *See* Rule 9023 FRBP. But the availability of relief does not become an entitlement to relief merely because the movant points his finger at the Rule. Here, the movant has done little more. The movant has the burden of proving that grounds exist to warrant *vacatur* of an order—and that burden of proof is a heavy one. "A court may grant a Rule 59(e) motion only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hollander v. Members of Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013) (internal quotation marks omitted). Here, neither the law nor the facts have changed. Mr. Betters does not allege any "clear error" *by the Court* or any "manifest injustice" *on the part of the Court*, factors required by the Second Circuit. *See Hoyos v. City of New York*, 650 F. App'x 801, 802 (2d Cir. 2016). The hypothetical concerns expressed by Mr. Betters fall far short of meeting the heavy burden under Rule 59(e) FRCP. Relief from the Order of dismissal under Rule 59(e) is **DENIED**.

### 2. **Rule 60(b)(1) FRCP**

Mr. Betters' motion seeking *vacatur* of the dismissal Order is really premised on Rule 60(b)(1) FRCP, not Rule 59(e). More to the point, the motion asserts that a "mistake" by counsel serves as grounds for vacating the dismissal Order. While counsel may have made plenty of mistakes in this case, shoddy work and lack of effort alone do not satisfy the test for relief under Rule 60(b). The Second Circuit has established a three-part test to determine whether a movant is entitled to Rule 60(b) relief: (1) "highly convincing" evidence supporting the motion; (2)

"good cause for the failure to act sooner"; and (3) no prejudice to the defendant. *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987). *See also Williams v. N.Y.C. Dep't of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003). The burden of proof rests with the moving party. *Williams*, 219 F.R.D. at 84. *See also In re Ballone*, No. 10-20294-PRW, 2015 Bankr. LEXIS 372, at *6 (Bankr. W.D.N.Y. Feb. 5, 2015).

Here, the "mistake" counsel points to is a one-page "form" that he filed, on behalf of Mr. Betters, purporting to be a "motion to convert" the case to a Chapter 11 proceeding. (ECF No. 30, ¶¶ 20, 21, 30). Counsel goes so far as to assert that this Court's refusal to permit the use of the "form" is a "preferred local practice" unique to the Rochester Division. (*Id.* ¶¶ 21, 30).[2] And counsel goes even further—arguing that the very "form" rejected by the Court in this case was accepted by the Court earlier this year. (*Id.* ¶ 30 (pointing the Court to *In re Yanno*, Case No. 18-20162-PRW)). Because counsel offers no context for those statements and provides only partial information to support those claims, perhaps in isolation the statements are not bold-faced falsehoods. But viewed through the lens of Rule 11(b) FRCP, in making those statements in a pleading presented to the Court, counsel has wandered very far onto exceedingly thin ice. "By presenting a court with a pleading, an attorney certifies, *inter alia*, that . . . 'the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and [that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary

---

[2] At oral argument, counsel indicated that he did not realize that it was this Court's "preferred local practice" to follow the Federal Rules of Bankruptcy Procedure. To make such a statement, familiarity with Rule 1001 FRBP must be lacking. "The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code." Rule 1001 FRBP.

5

support after a reasonable opportunity for further investigation or discovery.'" *Hollander*, 524 F. App'x at 730 (quoting Rule 11(b) FRCP).

The missing context for the legal and factual contentions made in the motion, in an attempt to show "mistake," is concerning. First, counsel's claim that the "form motion" was accepted by this Court in an unrelated case earlier this year is extraordinarily misleading. The "prior case," to which counsel refers, was a Chapter 13 case *voluntarily converted to Chapter 7* under 11 U.S.C. § 1307(a). A Chapter 13 debtor need only file a "notice of conversion" to convert a case to a Chapter 7 case under § 1307(a). *See* Rule 1017(f)(3) FRBP. No "form motion" is required by the Code, Rules, or this Court. Second, the "form motion" to which counsel refers—seemingly suggesting that it is routinely utilized to convert a Chapter 13 case to a Chapter 11—raises serious concerns about whether counsel is affirmatively attempting to mislead the Court. Among the procedural forms available on the Court's website is one titled "Debtor's Voluntary *Motion* to Convert or Dismiss Case (BUFFALO ONLY)."[3] Here's the problem: In this case, that procedural form was altered by counsel before it was filed. Counsel acknowledged altering the form at oral argument. The "form motion" filed on behalf of Mr. Betters is titled "Debtor's Voluntary Consent to Convert From Chapter 13 to *Chapter 11* or

---

[3] The actual title of the form that is available under that link is "Debtor's Voluntary *Consent* to Convert from Chapter 13 to Chapter 7 or Request for Dismissal." New York Western Procedural Forms, *Debtor's Voluntary Consent to Convert From Chapter 13 to Chapter 7 or Request for Dismissal* (April 13, 2011), http://www.nywb.uscourts.gov/new-york-western-procedural-forms (emphasis added). To the extent that form is utilized to permit a debtor to seek *dismissal*, it does not comply with Rule 1017(f)(2) which requires a motion filed and served under Rule 9014 for a debtor to obtain dismissal under 11 U.S.C. § 1307(b). To the extent the form is utilized by debtors to obtain voluntary *conversion* under 11 U.S.C. § 1307(a), it seems to go beyond the requirements of Rule 1017(f)(3)—requiring only the filing of a notice of conversion to Chapter 7. The form is not utilized by the Rochester Division for a voluntary conversion to Chapter 7—although counsel admits to having slipped one by the Clerk's Office in an earlier unrelated Chapter 7 case. (*See* ECF No. 30, ¶ 30 n. 1).

6

Request for Dismissal." (ECF No. 23 (emphasis added)). So, counsel's claimed "mistake as to the preferred local practice" is nonsense. Counsel's mistake may have been that he got caught trying to slide an altered procedural form past the Court.

In preparation for oral argument, the Court ran a 10-year docket activity search on CM/ECF for all motions converting a Chapter 13 case to Chapter 11. But for this case, there is not one other single instance where counsel's "doctored form" was utilized in this District. This causes the Court to wonder whether counsel's assertion in paragraph 21 of the motion was an outright falsehood or just innocent bumbling. Either way, under Rule 11(b)(3) FRCP, it is exceedingly troubling that counsel would make such an assertion in a pleading. If what counsel really meant was the "un-doctored form" is used in Buffalo to convert a Chapter 13 to a Chapter 7 under § 1307(a)—*where this case involves an attempted conversion to Chapter 11 under § 1307(d)*—why is that relevant? But, at oral argument, when confronted with the Court's 10-year CM/ECF search, counsel steadfastly insisted that the altered procedural form had been used by him to convert several Chapter 13 cases to Chapter 11 cases, claiming that those cases had been converted approximately 11 years ago—conveniently explaining why the 10-year search found no such cases. So, following oral argument, the Court ran a district-wide 15-year CM/ECF docket activity search for all motions converting Chapter 13 cases to Chapter 11 cases. Again, but for this case, the CM/ECF search did not find a single instance where the form doctored by counsel was used to convert or attempt to convert a Chapter 13 case to a Chapter 11 case. What's more, counsel's own "doctored form" bears a template creation date of April 27, 2011—*that's more than 4 years after counsel claims to have used the (yet to be created) doctored form in the phantom cases to which he referred at oral argument*. (ECF No. 23). In advocating that position at oral argument, counsel compounded his disregard for the obligations

7

imposed on attorneys under Rule 9011(b) FRBP—inexplicably wandering even farther onto the already exceedingly thin ice.

Under 11 U.S.C. § 1307(d), the Court *may* convert a Chapter 13 case to a Chapter 11 case, *after notice and a hearing*. Rule 1017(f)(1) FRBP establishes the procedure to be followed in such cases—the Rule makes no mention of or room for any "preferred local practice." Under Rule 1017(f)(1), a proceeding to convert a case under 11 U.S.C. § 1307(d) is governed by Rule 9014. Of course, Rule 9014 requires that relief be sought by motion, with reasonable notice and an opportunity for a hearing, and service of the motion in the same manner as a summons and complaint under Rule 7004 FRBP. *See* Rule 9014(a) and (b) FRBP. Not even the most tortured reading of the Rules could have led counsel to conclude that the attempted *ex parte* "notice of conversion" to Chapter 11 under Rule 1017(f)(3) would do the trick. The motion fails to provide "highly convincing evidence" to support the claim of mistake under Rule 60(b)(1) FRCP.

The motion also offers no evidence of "good cause for the failure to act sooner." *Kotlicky*, 817 F.2d at 9. Counsel acknowledges that he was aware of the hearing date and time scheduled for the motion to dismiss at least several days before the hearing. Instead of filing responsive papers, calling the movant, or seeking a brief adjournment from the Court, counsel did nothing—at least nothing that is permitted by the Rules. And the claim that Mr. Betters was "stuck in Europe"—offered as an excuse for the failure to timely file schedules—rings hollow. (ECF No. 30, ¶ 32). On receiving the Clerk's deficiency notice the day after this case was filed (ECF No. 6), and well within the 14 days required by Rule 1017(c) FRBP, Mr. Betters' counsel could have simply made an *ex parte* request for an extension of time under Rule 9006(b)(1) FRBP. Instead, he did nothing until the night before the hearing on the motion to dismiss.

8

Finally, the motion does not demonstrate any prejudice to Mr. Betters if the Order of dismissal is not vacated. Mr. Betters has never paid the $932.00 conversion fee and he never paid the $1,717.00 Chapter 11 filing fee. The Court is not aware of any reason why Mr. Betters could not simply file a Chapter 11 petition, pay the filing fee, and be underway. The motion certainly suggests no reason. The fact that Mr. Betters will lose the $310.00 Chapter 13 filing fee is not sufficient "prejudice" to justify relief under Rule 60(b)(1). Perhaps the real harm to Mr. Betters is the tremendous waste of money he may have spent on attorneys' fees in bringing this motion, but that is not a reason justifying *vacatur* of the Order of dismissal under Rule 60(b)(1) FRCP.

Mr. Betters has wholly failed to meet his burden of proof under the Second Circuit's *Kotlicky* test for relief under Rule 60(b)(1) FRCP. The motion seeking relief under Rule 60(b)(1) is in all respects **DENIED**.

B. **The Request to Convert to Chapter 11 is Not Properly Before the Court.**

Buried deep within the motion is a request to convert the case to Chapter 11. (ECF No. 30, ¶¶ 37-43). More to the point, there is a statement that Mr. Betters "is qualified for relief under Chapter 11 of the Bankruptcy Code." (ECF No. 30, ¶ 42). The motion does not mention 11 U.S.C. § 1307(d) as its grounds for relief. Rule 1017(f)(1) FRBP requires that a motion to convert to Chapter 11 be brought under Rule 9014 FRBP. And Rule 9014(b) requires that the motion be served in the same manner as a summons and complaint under Rule 7004 FRBP. The certificate of service attached to the motion demonstrates that the movant failed to make service as required by Rules 7004(b)(3), (b)(4), (b)(5), (b)(6), and (h)—applied to the parties in interest, as a group, for the sake of simplicity.

9

Because the motion was neither brought in the manner required by Rule 9014, nor served in the manner required by Rule 7004, the motion is **DENIED**.

### C. The Request for a Stay Pending a Hearing is Moot.

The final request for relief in this motion is for a stay, under Rule 8007 FRBP, until the motion could be heard. The motion's reliance on Rule 8007 is (unsurprisingly) misplaced—the Rule only applies to a stay pending appeal. No appeal of the dismissal Order was taken. The time to do so has passed.

Here, by operation of Rule 1017(f)(1) FRBP, the Chapter 13 Trustee's motion to dismiss was a contested matter governed by Rule 9014 FRBP. And Rule 9014(c) incorporates a number of other Rules in contested matters. Notably absent from the list of incorporated Rules under 9014(c) is Rule 7062—which Rule is limited to adversary proceedings. *See* Rule 7062 FRBP. Even though the term "Judgment" is defined by Bankruptcy Rules 9001(7) and 9002(5) as "any appealable order," the 14-day stay under Rule 62(a) or discretionary stay under Rule 62(b) FRCP is not available in a contested matter by operation of Rule 9014(c)—unless the Court orders otherwise. Here, the Court did not order otherwise.

So, there is no basis for Mr. Betters' request for a stay under the Bankruptcy Rules, given the facts as they exist. And, the request for a stay is much ado about nothing, because nothing untoward seems to have happened since the Court entered the Order of dismissal. The 14-day period to appeal the Order of dismissal and the 14-day stay sought in the motion have come and gone. And nothing bad happened. But, to close the book on this unnecessary and legally deficient final request in the motion, the Court finds that the request for a stay is **MOOT**.

## IV.

## CONCLUSION

The motion by Mr. Betters is in all respects **DENIED**. Mr. Betters' counsel would do well in the future to "consider carefully whether his conduct passes muster under Rule 11" when filing pleadings—and later advocating positions taken in those pleadings—when appearing before this Court. *Hollander v. Members of Bd. of Regents*, 524 F. App'x 727, 730 (2d Cir. 2013).

Is there a larger lesson to be learned from this decision? Optimistically, yes. The Court has issued a series of decisions on the workings of Rules 59(e) and 60(b), and the limits on the use of those Rules to vacate final orders. *See In re Ballone*, No. 10-20294-PRW, 2015 Bankr. LEXIS 372 (Bankr. W.D.N.Y. Feb. 5, 2015); *see also In re Golden-Collier*, No. 11-20288-PRW, 2015 Bankr. LEXIS 451 (Bankr. W.D.N.Y. Feb. 12, 2015); *In re Trine*, No. 13-21520-PRW, 2015 Bankr. LEXIS 154 (Bankr. W.D.N.Y. Jan. 16, 2015); *In re Livecchi*, No. 09-20897-PRW, 2014 Bankr. LEXIS 4993 (Bankr. W.D.N.Y. Dec. 11, 2014). As with the Spirits of the Past, Present, and Future that visited Mr. Scrooge, it is hoped that the ghost of an idea, offered in those ghostly little decisions (and in this decision), will strive within counsel appearing before this Court.[4]

**IT IS SO ORDERED.**

DATED: November 2, 2018  _____/s/_____
      Rochester, New York      HON. PAUL R. WARREN
                                             United States Bankruptcy Judge

---

[4]     "I HAVE endeavored in this Ghostly little book, to raise the Ghost of an Idea, which shall not put my readers out of humour with themselves, with each other, with the season, or with me. May it haunt their houses pleasantly . . . ." Charles Dickens, *A Christmas Carol*, Preface (Chapman & Hall 1943).